## La Solitaria Land Co. *v.* El Registrador de la Propiedad.

### Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas.

No. 98.—Resuelto en diciembre 18, 1911.

Corporaciones Agrícolas—Limitación de Acres—Corporaciones de Riego.— Una corporación organizada para adquirir tierras para riego y otros fines relacionados con el uso de las aguas, no es una corporación agrícola y la adquisición por ella de más de 500 acres de tierra no infringe la resolución conjunta del Congreso.

Id.—Limitación de Acres.—La prohibición limitando el número de acres de una corporación agrícola no es extensiva por analogía a corporaciones que no sean agrícolas.

Los hechos están expresados en la opinión.

Abogados del recurrente: *Sres. Hartzell y Rodríguez Serra.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La Solitaria Land Co. compró terrenos radicados en parte en el Distrito de Humacao, y en parte en el de Caguas. El Registrador de la Propiedad de Humacao inscribió la escritura en cuanto se refería a los terrenos situados dentro de su circunscripción. El Registrador de Caguas denegó una inscripción análoga por el motivo de que la misma escritura demostraba que dicha corporación que es una sociedad del país por acciones, había adquirido más de quinientos acres de terreno, cuya adquisición según alega el registrador, es contraria al artículo 4º. del Código Civil, que declara nulo los actos que sean contrarios a la ley; alegando dicho Registrador, que la referida adquisición es contraria a la ley, a causa de la sección 3 de la Resolución Conjunta del Congreso de los Estados Unidos. Dicha sección es como sigue:

"Sección 3.—Que todas las franquicias, privilegios o concesiones otorgados de acuerdo con la sección 32 de dicha ley, estarán sujetos a enmiendas, alteraciones o revocaciones. En ellos se prohibirá la emisión de acciones u obligaciones, excepto cuando tal emisión se realice a cambio de dinero al contado, o de propiedades cuyo justiprecio sea igual al valor, a la par, de las acciones u obligaciones expedidas; se prohibirá

la declaración de dividendos de acciones u obligaciones; y cuando se trate de sociedades para llenar un servicio público, se acordarán regla-. mentos eficientes que fijen los precios de dicho servicio; y en caso de compra o traspaso a las autoridades públicas de las propiedades per-. tenecientes a dichas sociedades, los reglamentos fijarán el precio en un valor justo y razonable. Ninguna sociedad estará autorizada para efectuar negocios de compra y venta de bienes raíces, ni se le permitirá poseer o tener dicha clase de bienes a excepción de aquellos que fuesen racionalmente necesarios para poder llevar adelante los propósitos a que odedeció su creación; y en lo sucesivo, el dominio y manejo de terrenos de toda sociedad autorizada para dedicarse a la agricultura estarán limitades por sus estatutos a una cantidad que no exceda de quinientos acres; y esta previsión será adoptada para impedir a cualquier miembro de una sociedad agrícola que tenga interés de ningún género en otra sociedad de igual índole.

"Podrán, sin embargo, las sociedades efectuar préstamos, con garantías sobre bienes raíces, y adquirir éstos cuando sea necesario para el cobro de los préstamos; pero deberán enajenarlos dentro de los cinco años desde que reciban el título de propiedad de los mismos.

"Las sociedades que no hayan sido organizadas en Puerto Rico, y que hagan negocios allí, estarán obligadas a cumplir lo dispuesto en esta sección, hasta donde sea aplicable."

La Solitaria Land Co., según aparece de la escritura de fundación de dicha sociedad, es principalmente una corporación organizada con el objeto de adquirir terrenos para riego y otros fines relacionados con el uso de agua. No consta afirmativamente que dicha corporación se haya dedicado o tenga la intención de dedicarse a la agricultura, ni que haya efectuado o tenga la intención de efectuar negocios de compra y venta de bienes raíces. El registrador funda su negativa en la hipótesis de que, limitando la ley a quinientos acres la cantidad de terreno que pueden adquirir las corporaciones dedicadas a la agricultura, una corporación de la índole de la apelante, forzosamente necesitaría menos terrenos para realizar su objeto. El razonamiento del registrador es erróneo.

No consta que la Solitaria Land Co. haya infringido la resolución conjunta del Congreso, cuyo propósito evidente

fué que dicha ley se aplicara solamente a las corporaciones en ella mencionadas.

Cuando se presente un caso en que claramente se haya cometido infracción de dicha resolución conjunta, la consideraremos y decidiremos teniendo en cuenta todos los preceptos legales de cualquier carácter que puedan ser atinentes a la cuestión debatida. Hoy nos abstenemos de hacerlo por estimarlo innecesario para la decisión del presente recurso.

Debe revocarse la nota del registrador.               *Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.